**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-400-JFW(JCx)** | Date:  March 24, 2023 |

Title:     Israel Alvarado -v- Rockwell Collins, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                    None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**
     **[filed 2/17/2023; Docket No. 23]**

        On February 17, 2023, Plaintiff Israel Alvarado ("Plaintiff") filed a Motion to Remand Case to State Court.  On February 27, 2023, Defendants Rockwell Collins, Inc. ("RCI"), Aeronautical Radio, Inc., ARINC Incorporated ("ARINC"), and Raytheon (CA) Technologies Corporation (collectively, "Defendants") filed their Opposition.  On March 6, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's March 20, 2023 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

        According to the Complaint, Plaintiff was a non-exempt employee of Defendants in the State of California from approximately April 2003 to September 2021.  Complaint ¶ 6.  On October 29, 2022, Plaintiff, on behalf of himself and all persons similarly situated, filed a Complaint against Defendants in Los Angeles Superior Court, alleging one cause of action for unlawful business practices in violation of California Business & Professions Code §§ 17200, *et seq*, predicated on violations of the California Labor Code including: (1) the failure to pay minimum and overtime wages based on off-the-clock work and because of rounding; (2) failure to pay minimum wages and overtime wages at the regular rate of pay; (3) failure to provide off-duty meal and rest periods and to pay meal and rest period premiums; (4) failure to reimburse business expenses; (5) failure to provide accurate wage statements; (6) failure to pay sick time at the regular rate of pay; and (7) failure to pay wages due at the time of separation.

On January 18, 2023, Defendants RCI and ARINC (collectively, the "Removing Defendants") removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). In support of their Notice of Removal, Defendants estimated that the aggregate value of all matters in controversy amounted to more than $16 million, "even under very conservative violation rates." Notice of Removal (Docket No. 1) at ¶ 51.

## II.   LEGAL STANDARD

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements").  CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant seeking to remove a case under CAFA need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant's good faith allegation that the amount in controversy exceeds the $5 million CAFA jurisdiction threshold will suffice unless challenged; however, if challenged, Defendant bears the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." *Dart Cherokee*, 574 U.S. at 87-88. Under this burden, a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, "the defendant's showing on the amount in controversy may rely on reasonable assumptions."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

## III.   DISCUSSION

In his Motion, Plaintiff argues that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 necessary for CAFA jurisdiction. Defendants contend that the evidence satisfies the amount in controversy requirement. In support of their Opposition, Defendants provided supplemental evidence,[1] to further substantiate the amount in controversy.  Plaintiff takes issue with Defendants' estimate, claiming that is based

---

[1] Specifically, Defendants filed the Supplemental Declaration of Angela B. Riek (Docket No. 24-1), which states that all but 9 of the 655 non-exempt employees employed in California between October 20, 2018 and December 13, 2022 were classified as full-time employees.

on unsupported and unreasonable assumptions. The Court has considered the moving, opposing, and reply papers and disagrees. Defendants' estimates -- and the evidentiary basis for them -- are premised on reasonable assumptions. For instance, with respect to Defendants' wage statement penalty calculations, Defendants presumed a 100% violation rate. Opposition to Motion to Remand (Docket No. 24) at 14. This presumption is reasonable given that Plaintiff alleges that "[t]he wage statements failed to identify the accurate total hours worked each pay period," *see* Complaint ¶ 20, and in light of the other violations alleged in the Complaint, including for example that Defendants had a "uniform practice of rounding the actual time worked and recorded . . . always to the benefit of DEFENDANT," *see* Complaint ¶ 12.

## IV.     CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Opposition, Plaintiff's Motion to Remand Case to State Court is **DENIED**.

IT IS SO ORDERED.